The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: January 28 2015

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32312 |
| | ) | |
| Mirijam McNeill, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3138 |
| | ) | |
| Ericka S. Parker, Trustee, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mirijam McNeill, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

This adversary proceeding is before the court upon Plaintiff-Trustee's ("Plaintiff") "Complaint to Deny Discharge" of pro se Debtor ("Complaint") [Doc. #1]. Defendant (or "Debtor") is the Chapter 7 debtor in Case No. 14-32312. Plaintiff is the duly appointed trustee in that case.

On November 4, 2014, the Clerk issued a summons and notice of pre-trial conference [Doc.

# 3]. The return on service [Doc. # 4] shows that the summons and Complaint were timely served on Defendant, at the address set forth in the petition, by regular U.S. mail, postage prepaid. The summons required an answer or other response to the Complaint to be filed by December 4, 2014.

On December 9, 2014, the court held a pre-trial scheduling conference. Plaintiff appeared in person. There was no appearance by or on behalf of the Defendant at the initial pre-trial conference, and to date, there has been no appearance by or on behalf of Defendant, and no answer or other response to the Complaint has been filed. The court therefore directed the Clerk to enter Defendant's default [Doc. ## 9, 10], and Plaintiff filed a motion for default judgment [Doc. # 8]. Plaintiff's motion for default judgment ("Motion") was filed on December 11, 2014. [*Id.*]. The Motion was also served by regular U.S. mail on Defendant at the address set forth in the bankruptcy petition. *See*, *Creditors Committee of Park Nursing Center, Inc. v. Samuels (In re Park Nursing Center, Inc.)*, 766 F.2d 261, 263–64 (6th Cir. 1985)(finding that bankruptcy system of service by mail is constitutional under Rule 704, the predecessor to Rule 7004); *In re Vincze*, 230 F.3d 297, 299 (7th Cir. 2000); *In re Kutrubis*, 486 B.R. 895, 900 (N.D. Ill. 2013)("Service is sufficient as long as the summons and complaint are sent to debtor's last address provided by the debtor."). The court scheduled a hearing on the Motion, and notice of the hearing was also properly served on Defendant at the address set forth in the petition. [Doc. ## 11, 12]. A review of the dockets in the Chapter 7 main case [Case No. 14-32312] and in this adversary case [Case No. 14-03138], do not reflect any document mailed by the court to the Debtor-Defendant was docketed "returned as undeliverable". *See generally*, *In re Banks*, 2012 WL 1966138 at *2, 2012 Bankr. LEXIS 2469 at *7 (Bankr. N.D. Ohio May 31, 2012).

On January 13, 2015, the court held a Hearing on the Motion. Plaintiff appeared in person at the Hearing. There was no appearance by or on behalf of Defendant. A review of the record

shows that no answer or other response to the Complaint or Motion has ever been filed. Plaintiff also filed an Affidavit with the Complaint, stating that, to the best of Plaintiff's knowledge Defendant is not in the military service of the United States, thereby complying with the Servicemembers Civil Relief Act. [Doc. # 1]. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion for Default Judgment will be **GRANTED.**

The Complaint seeks relief under 11 U.S.C. § 727(a)(6)(A). Section 727(a)(6)(A) provides that the court shall grant a debtor a discharge unless the debtor has refused to obey any lawful order of the court, other than an order to respond to a material question or to testify[1].

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). Debtor's Chapter 7 case and all proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No.2012-7 entered by the United States District Court for the Northern District of Ohio. This action is a core proceeding that this court may hear and determine because it involves determination of a debtor's right to a discharge. 28 U.S.C. § 157(b)(2)(J).

The court finds that notice, including the initial service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b)(9), has been duly and properly been served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. Therefore, the court finds that, despite proper notice, Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure and the summons.

The court finds that the well-pleaded allegations of the Complaint constitutes a valid cause

---

[1]/ The court's order was to appear for the required "first meeting of creditors". *See*, 11 U.S.C. §341.

of action under 11 U.S.C. §§ 727(a)(6)(A), and deems them as true. In the absence of evidence to the contrary, the court finds that Defendant's actions and inactions constitute grounds for denial of her discharge under 11 U.S.C. § 727(a)(6)(A). 11 U.S.C. § 727(a)(6)(A) provides that a discharge should be denied when a debtor has refused to obey a lawful order of the court, other than an order to respond to a material question or to testify.

As set forth in the Complaint, the first Meeting of Creditors was scheduled for August 21, 2014. That meeting was not held, and it was continued three (3) more times[2]. Debtor failed to appear at any of the Scheduled Meetings of Creditors. On October 2, 2014, after Debtor failed to appear at the third scheduled Meeting of Creditors, Plaintiff-Trustee filed a motion to compel. The motion was granted, and the court ordered Debtor to appear at the next scheduled Meeting of Creditors, to be held on October 30, 2014. [Case No. 14-32312, Doc. ## 13, 17].[3] Debtor failed to appear at the October 30, 2014 Meeting of Creditors, and as a result, the Plaintiff-Trustee commenced this action on November 4, 2014.

Courts have concluded that a failure or inability to comply with a court order, by itself, does not warrant a denial of revocation or discharge. *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 329 (Bankr. N.D. Ohio 2006); *Solomon v. Barman (In re Barman)*, 237 B.R. 342, 349 (Bankr. E.D. Mich. 1999); *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 409-10 (Bankr. N.D. Ohio 1999). Rather, courts required a higher standard of proof such as what is needed to demonstrate civil contempt. *Magack*, 247 B.R. at 410. To prove civil contempt, a trustee must establish that: 1) the

---

[2]/ The meeting was continued to September 4, 2014, September 18, 2014, and October 30, 2014, but it was unable to held on any of these dates due to a failure of Debtor to appear.

[3]/ The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

alleged contemnor had knowledge of the order; 2) the order was violated; and 3) the order violated must have been definite and specific. *Id. See also, Rivera,* 338 B.R. at 329 (noting that a denial of discharge is appropriate if the debtor knew of or *should have known* of orders and disregarded them)(emphasis added).

Defendant has failed to comply with the court's clear and specific order, which the record shows was duly and properly served on her in the Chapter 7 case. The court did not receive back as undeliverable the order granting Plaintiff-Trustee's motion to compel that was mailed to Defendant-Debtor by the Clerk at the address set forth in her petition. As a result, Defendant has refused to obey an order of the court to appear for the required first meeting of creditors, of which she had knowledge and proper notice.

In the absence of evidence to the contrary, the court finds that Defendant's actions and inactions constitute grounds for denial of her discharge under 11 U.S.C. § 727(a)(6). Plaintiff has established through the Complaint, and the docket in the underlying Chapter 7 case, a cause of action under § 727(a)(6)(A). Defendant's discharge in the underlying main case shall therefore be denied.

The prayer for relief in the Complaint seeks a judgment denying Debtor's discharge and for such other and further relief as is just and equitable. As the grounds for denial of discharge have been duly and properly stated by Plaintiff, the court will enter a judgment denying Defendant's Chapter 7 discharge. Plaintiff shall be awarded as court costs the amount of $350.00 as the deferred filing fee for the adversary complaint. The parties shall otherwise bear their own costs and fees.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 8] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order will be entered by the court.

**IT IS SO ORDERED.**

###